UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

CHARLES E. BAKER, JR,

    PLAINTIFF,

VS.

3M COMPANY INC. and
3M SHORT-TERM DISABILITY
PLAN,

    DEFENDANTS.

CIVIL ACTION NO.:

5:19-cv-704-AKK

## COMPLAINT

**CHARLES E. BAKER, JR,** by and through counsel, brings this action against Defendant 3M Company Inc. ("3M") and 3M Short-Term Disability Plan ("Plan") concerning the failure to pay the benefits available under its defined benefit as required under ERISA and the terms of the Plan itself, and for retaliation.

## INTRODUCTION
## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

2. This Court has personal jurisdiction over the Defendants because it has a physical location and transacts business in, and resides in, and has significant contacts with, this District, and because ERISA provides for nationwide service of process.

3. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because some or all of the violations of ERISA occurred in this District and Defendants reside and may be found in this District. Venue

1

is also proper in this District pursuant to 28 U.S.C. § 1391 because Defendants do business in this District.

## PARTIES

4. Plaintiff CHARLES E. BAKER, JR ("Baker") is a resident of Decatur, Alabama, and a beneficiary in the 3M SHORT-TERM DISABILITY PLAN ("Plan"). Baker had been employed by 3M Company Inc. ("3M") for twelve years as of June 15, 2018, the date of his gunshot wound, and he has been involuntarily placed on an unpaid leave of absence as of April 1, 2019.

5. Defendant 3M SHORT-TERM DISABILITY PLAN ("Plan") is the plan that is the subject of this complaint.

6. Defendant 3M COMPANY INC. ("3M") conducts operations in the City of Decatur in Morgan County, Alabama, and is the employer through whom Baker became vested in the Plan.

## EXHUASTION OF REMEDIES

7. Baker has exhausted his administrative remedies concerning his claim for benefits from the Plan, and received his final denial and notice of his right to file suit on November 9, 2018, and this suit is timely filed within the six months provided.

## SUBSTANTIVE ALLEGATIONS

8. Baker was eligible in the Plan as a participant and beneficiary due to his twelve years of employment with 3M.

9. Baker is a resident of the State of Alabama, and had been employed by 3M in Morgan County, Alabama, for twelve years as of June 15, 2018, at the time that he was the victim of a gunshot wound while off duty and away from work. Baker was disabled and unable to work pursuant to physician instructions from June 15, 2018 to September 8, 2018.

10. During his employment, Baker became eligible for benefits pursuant to 3M's Short-Term Disability Plan.

2

11. Baker applied for benefits from the Plan following his gunshot wound and hospitalization on June 15, 2018, and was denied benefits by the Plan on July 9, 2018.

12. On July 5, 2019, after his release from the hospital and during his convalescence, Baker was arrested and charged with felony assault related to the June 15, 2018, incident in which he was injured. Baker immediately posted bail and was released that day. Baker has denied his guilt, and as of the filing of this Complaint the charges have not yet been resolved.

13. Baker was notified of his denial of Plan benefits and his administrative appeal rights on July 19, 2018. Baker timely made his administrative appeal of the Plan decision on September November 5, 2018.

14. Baker was released to return to work by his treating medical providers on September 8, 2018, however, 3M refused to return him to work and instead placed him on paid administrative leave for 180 days, and then placed him on unpaid leave in April 1, 2019.

15. Similarly situated employees who had been arrested or convicted for felony offenses, but who did not have claims for benefits attendant to their arrests or convictions, were allowed to continue to work pending their criminal charges and even after conviction.

16. On November 9, 2018, the Plan denied Baker's administrative appeal, and advised him of his right to file suit within six months of that final administrative decision.

### FIRST CLAIM FOR RELIEF
### Declaratory and Equitable Relief
### (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3))

17. Plaintiff realleges and incorporates herein by reference all prior allegations in this Complaint.

18. The Plan and 3M improperly denied benefits for Baker as required by ERISA and the Plan.

19. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to: "(A) enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

20. Pursuant to this provision, Plaintiff seeks orders from the Court providing a full range of equitable relief, including but not limited to: (a) calculation, correction and payment of benefits; (b) an "accounting" of all prior benefits due; (c) a surcharge; (d) disgorgement of amounts wrongfully withheld; (e) disgorgement of profits earned on amounts wrongfully withheld; (f) a constructive trust; (g) an equitable lien; (h) an injunction against further violations; and (i) other relief the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### For Recovery of Benefits Under the Plan
### (ERISA § 502(a)(1) and (3), 29 U.S.C. § 1132(a)(1) and (3))

20. Plaintiff realleges and incorporates herein by reference all prior allegations in this Complaint.

21. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant or beneficiary to bring a civil action to: "(A) enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

22. The Plan improperly refused to pay benefits for Baker in accordance with ERISA and the terms of the Plan for his short term disability which began on June 15, 2018, and which ended on September 8, 2018.

23. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the

4

plan, or to clarify his rights to future benefits under the terms of the plan."

24. Plaintiff is entitled to recover actuarially equivalent benefits, to enforce their right to the payment of past and future actuarially equivalent benefits, and to clarify their rights to future actuarially equivalent benefits, under the Plan.

### THIRD CLAIM FOR RELIEF
### Retaliation
### (ERISA § 510, 29 U.S.C. § 1140)

25. Plaintiff realleges and incorporates herein by reference all prior allegations in this Complaint.

26. Plaintiff was at all times a participant or beneficiary, as that term is defined in ERISA.

27. Defendant 3M was at all times an employer, as that term is defined in ERISA.

28. Under Section 510 of ERISA, 29 U.S.C. § 1140, an employer may not take an adverse action against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

29. Plaintiff was terminated, at least in part, for exercising his right to participate in the Plan, and in order to interfere with his rights under Defendants' employee benefit plan.

30. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants on all claims and requests that the Court award the following relief:

A. Declaring that the 3M DISABILITY AND LEAVE SERVICE failed to properly pay benefits due to the Plaintiff, in violation of ERISA;

B. Ordering Defendants to pay benefits in compliance with ERISA and the Plan;

C. Ordering Defendants to provide an "accounting" of all prior payments of benefits due under the Plan to determine the proper amounts that should have been paid;

D. Ordering Defendants to pay all benefits improperly withheld, including under the theories of surcharge and disgorgement;

E. Imposition of a constructive trust;

F. Imposition of an equitable lien;

G. Awarding, declaring, or otherwise providing Plaintiff all relief under ERISA §§ 502(a) and 510, 29 U.S.C. §§ 1132(a) and 1140, or any other applicable law, that the Court deems proper;

H. Reinstatement of regular employment with backpay;

I. An injunction prohibiting further acts of discrimination or retaliation;

J. Awarding attorneys' fees and expenses as provided by the common fund doctrine, ERISA § 502(g), 29 U.S.C. § 1132(g), and/or other applicable doctrine; and

K. Any other relief the Court determines is just and proper.

Respectfully submitted this 8th day of May, 2019.

```
_____
JOHN R. CAMPBELL
ASB-8555-C64J
Attorney for the Plaintiff
229 East Side Square
Huntsville, Alabama 35801
Tel: (256) 534-0407
Facsimile: (256) 715-7669
Email: jrc@jrc-law.net
```